Ruffin, C. J.
 

 Nuncupative wills were found to give rise to so many frauds and perjuries, that it was necessary to guard them by many requisites in respect to their execution and their probate.
 
 Cole
 
 v.
 
 Woodnunt, 4
 
 Ves. 196, note, 3 Bl. Com. 501. To render the protection safe against those evils, the Court ought faithfully to observe every one of the provisions of the Statute. As one of them, and not the least important, the Act prohibís probate of a nuncupative will “until process has been first issued to call in the widow, or next of kin, or both, if conveniently to be found, to contest the same if they think proper,” in order to prevent surprise on those interested in the estate. It was not intended, that there should be a probate of such a will in common
 
 form,
 
 when one in solemn form could be had, nor that the privity of the next of kin should be inferred from supposed opportunities of knowledge, or established by parol proof, as in some other instances it may be. Fer, in the former case, there might
 
 *161
 
 be surprise ; and in the latter perjury ; and the danger of each was so obvious, that the Legislature deemed it politic to exclude the opportunities of committing them. Here the next of kin might have been conveniently found, being within the jurisdiction, and, indeed, resident with the party offering the will. It is true, they were infants, and, if brought in by process, could not have conducted the enquiries on which their rights depended. But that did not excuse the other party from bringing them in, because then it would have been the duty of the Court, thus informed of the state of the next of kin, to appoint a guardian to defend for them. This case, itself, shews the importance that this requisite of the Act should have been attended to at the proper time ; for, if it had, the conflict would have been avoided, which now exists between the witnesses upon the essential point, whether the supposed testator gave the requisite evidence, that his words were not uttered in loose discourse but
 
 animo testandi>
 
 by calling on persons to bear witness to that intention. At this day there can be no certainty, it seems, on that point, as the examination at the probate was
 
 ore tenus.,
 
 and o.ne of the witnesses, a respectable man, deposes that there was no such calling on any body, and that neither he nor the other witness deposed or was examined to it. at the probate ; while another person, equally respectable, states, although he cannot prove that the deceased did call in that manner on the witnesses, that yet both of them swore on that occasion, that he did. Thus it is seen, that the very evil' has in this instance been produced, against which the wholesome enactment in the statute was directed. It is said, indeed, that the probate imports that this evidence was given, as it states that the will was “duly provedwhich could not be without the evidence-; and that it gives also-the greater credit to the witness Rankin. But there is very little weight to be given to that expression in an
 
 ex parte pro
 
 
 *162
 

 bate,
 
 and, especially, when it is clear that in one respect, at least, it was not duly proved, inasmuch as the next of kin were not called in, nor any enquiry made for them upon process. Besides, Wilson’s statement is much corroborated by the omission of any such words in the supposed will, inasmuch as he states positively, that every thing was reduced to writing, which the party deceased said on the subject. Whether regard be had, then, to the form of the proceeding in the probate cause, or to the sufficiency of the instrument, as constituting a will, the probate was improperly passed.
 

 If acquiescence could supply in such a case the intrinsic defect of the probate from the omission to call in the next of kin, we think there is nothing to establish such an acquiescence as can bar the children from demanding a reprobate. There is no statute of limitations applicable to the case. The bar, if any, must arise solely from the presumption of abandonment, cr of satisfaction of the claims of the parties as next of kin. It is clear, there is no satisfaction. None is pretended. As to the abandonment, the mother says only, that the husbands, as well as her daughters, knew of the will aDd probate. But it is not established, that they were properly aware of their rights and intended to waive them. On the contrary, the daughters were never
 
 sui juris,
 
 having been infants when they married and under coverture at their deaths ; and it is certain, that the husbands were not satisfied and did not intend to acquiesce finally in what had been done, but expressed themselves otherwise from time to time, to the extent, even, of domestic disquiet, according to the allegation of the mother herself. They intended in some way to assert the right of their wives to shares of the negroes, if the mother would not make something like a fair distribution of herself; and, as soon as she finally re. fused, they instituted the present suit. As administrators of their wives, they are entitled to have the probate re.
 
 *163
 
 voked and leave the other party to propound the instrument again, if she shall still think proper to set it up as a will. The sentence in the Superior Court is affirmed with costs; and this will be certified to that Court, in order that the parties may make up an issue, if they think proper, or that such other steps shall be taken for the administration of the estate as the law requires.
 

 Per Curiam. Judgment accordingly.